# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                          **Case No.  1:09-CR-0491-13-SCJ**

**ROMAN SELEZNEV**                                    **Defendant's Attorney:**
                                                                          **Igor Litvak**

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count(s) 30 of the Fourth Superseding Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Bank Fraud | 30 |

The defendant is sentenced as provided in pages 2 through  5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**ALL** remaining counts are dismissed pursuant to the terms of the plea agreement.

It is ordered that the defendant shall pay the special assessment of **$ 100.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.         None          Date of Imposition of Sentence:  November 30, 2017
Defendant's Date of Birth:         1984
Defendant's Mailing Address:
Robert A. Deyton Detention Facility
11866 Hastings Bridge Road
Lovejoy, GA 30250

Signed this the 1st day of December, 2017.

s/Steve C. Jones
STEVE C. JONES
UNITED STATES DISTRICT JUDGE

1:09-CR-0491-13-SCJ: ROMAN SELEZNEV

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ONE HUNDRED SIXTY-EIGHT (168) MONTHS** to be served **CONCURRENTLY** with the sentence imposed by this Court in case no. 1:17-CR-0306-SCJ and the sentence imposed in United States District Court, Western District of Washington, case no. 2:11-CR-0070-RAJ-1.

The defendant is remanded to the custody of the United States Marshal.

The Court recommends that the defendant be designated to FCI Fort Dix for service of sentence. Alternatively, the Court recommends that defendant be designated to FFC Butner.

Upon completion of the term of imprisonment and release from the custody of the Bureau of Prisons, the defendant shall be turned over to a duly-authorized immigration official for appropriate removal proceedings from the United States, pursuant to 18 U.S.C. §3583(d) in accordance with the Immigration and Nationality Act.  The defendant shall not reenter the United States unless he applies for and receives permission from the Secretary of the Department of Homeland Security to legally reenter the United States.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:09-CR-0491-13-SCJ: ROMAN SELEZNEV

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS** (if not deported), to run concurrently with the term of supervision imposed by this Court in case no. 1:17-CR-306-SCJ and any term of supervision imposed by the United States District Court, Western District of Washington, case no. 2:11-CR-0070-RAJ-1.  If deported, the defendant shall serve no term of supervised release

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

If not deported, the defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.

Pursuant to 42 U.S.C. §14135a(d)(1) and 10 U.S.C. §1565(d) which require mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer and unless the defendant is in compliance with the installment payment schedule.

The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the United States Probation Officer.

The defendant shall pay any financial penalty that is imposed by this judgment that remains unpaid at the commencement of the term of supervised release.

The defendant shall submit his person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. §1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States Probation Officer.  Failure to submit a search may be grounds for revocation of release.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  The defendant shall permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value related to violations of supervision.

1:09-CR-0491-13-SCJ: ROMAN SELEZNEV

# RESTITUTION

The defendant shall make restitution in the amount of **$2,178,349.00** to the following victim:

> **WorldPay US, Inc.[1]**
> **Attn: Donald Hunt, Corporate Security Director**
> **600 Morgan Falls Road**
> **Atlanta, GA  30350**

The restitution shall be paid in full immediately.

The defendant shall make restitution payments from any wages she may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program.  Any portion of the restitution not paid in full at time of the defendant's release from imprisonment shall become a condition of supervision and be paid at a monthly rate of not less than $150.00, plus 25% of gross income exceeding $2,500.00 per month.

Restitution payments should be mailed to the Clerk of Court at the following address:

> Clerk, U.S. District Court, NDGa
> 2211 U.S. Courthouse
> 75 Ted Turner Drive, SW
> Atlanta, GA 30303

# FORFEITURE

Pursuant to Rule 32.2, F.R.Crim.P, all of the defendant's right, title and interest in certain property is hereby forfeited consistent with the defendant's plea.  The United States shall submit any proposed order(s) of forfeiture forthwith.

1:09-CR-0491-13-SCJ: ROMAN SELEZNEV

---

[1]Additional restitution addresses have been requested from the Government by the US Probation Officer and will be provided upon receipt.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1.      The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.      The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.      The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.      The defendant shall support his or her dependents and meet other family responsibilities;

5.      The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.      The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7.      The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8.      The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.      The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.     The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.     The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12.     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.